Jimmy Jack WING, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–741.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1986.

John M. Butler, Tahlequah, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Jimmy Jack Wing, was convicted of the crime of Lewd or Indecent Proposals or Acts as to a Child Under Sixteen, two (2) counts, in violation of 21 O.S.1981, § 1123, in the District Court of Okmulgee County in Case No. CRF–84–158, and was sentenced to ten (10) years' imprisonment on each count, to run consecutively, and he appeals.

Briefly stated, the facts are that on two separate occasions, once during the summer of 1983 and once again in the summer of 1984, appellant took a vacuum cleaner and rubbed it on the breasts and vagina area of his eleven year old step-daughter, while her step-brother and sister watched.

The State's case was based on the testimony elicited from appellant's three children, who related various details surrounding the two incidents. In addition, Mamie Lou Schmeiser, the victim's mother and appellant's ex-wife, testified that she telephoned appellant after the children's visit in 1984 to ask him about the episode involving the vacuum cleaner. She stated that he told her he was sorry and that he realized that was not a proper mode of punishment.

In defense, appellant called several witnesses to testify regarding his reputation in the community. Appellant also testified on his own behalf and denied using a vacuum cleaner on his step-daughter or touching her, other than to spank her when she did not do her work.

As his first assignment of error, appellant contends he was unconstitutionally prevented from confronting his witnesses. We agree.

Our review of the record indicates that during an in camera hearing, the trial

court sustained the State's motion in limine thereby preventing defense counsel from asking Ms. Schmeiser any questions concerning the child custody fight that had transpired between her and appellant. As a result of the trial court's refusal to permit appellant to extract any testimony from this key witness regarding her motive in filing charges against him, the jury was kept from the fact that appellant was awarded custody of two of the children at a hearing held only *three* days prior to charges being filed by appellant's ex-wife. By thus restricting appellant's appropriate cross-examination of Ms. Schmeiser, the trial court violated appellant's Sixth Amendment constitutional right guaranteeing him the right to confront his witnesses.

The United States Supreme Court recently stated in *Delaware v. Van Arsdall*, —— U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *quoting Davis v. Alaska*, 415 U.S. 308, 315–316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). Furthermore, the United States Supreme Court has expressed that, "the exposure of a witness' *motivation* in testifying is a proper and *important function of the constitutionally protected right of cross-examination." Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959) (Emphasis added.)

We are not contending that trial courts have no authority to impose limits on cross-examination. On the contrary, we simply feel this trial judge went *too* far and unreasonably restrained defense counsel's proposed course of cross-examination, thereby committing constitutional error.

In order for us to determine whether this error constituted harmless error according to *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), the United States Supreme Court has listed several factors that must be considered. These factors are: (1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and finally, (5) the overall strength of the prosecution's case. *Delaware*, 106 S.Ct. at 1438.

Applying these factors to the instant case, we find Ms. Schmeiser's testimony was crucial to the prosecution's case. Although brief, her testimony contained the fact that she had called appellant, who had apologized for using a vacuum cleaner on their child and admitted he was wrong. No other evidence was produced concerning this alleged telephone conversation. Appellant was completely restricted from cross-examining Ms. Schmeiser regarding the results of the custody hearing. Most importantly, the prosecution's case relied entirely on three minor children (all of whom appeared during trial to have been coached prior to testifying), and appellant's ex-wife.

In light of the above mentioned facts, we find the trial court's unduly restrictive limitations on defense counsel's cross-examination constituted harmful error.

Because appellant's first assignment of error constitutes reversible error, it is not necessary to address his four remaining propositions. For the above stated reasons, we REVERSE and REMAND this case for a new trial permitting appellant to conduct a reasonable cross-examination, in order to test a witness' credibility and develop facts showing her bias, prejudice, or any other motive for testifying. *Crawford v. State*, 688 P.2d 357, 360 (Okl.Cr.1984).

PARKS, P.J., concurs.

BUSSEY, J., dissents.